[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2006
THOMAS K. KAHN
CLERK

No. 04-13341
Non-Argument Calendar

_____

D. C. Docket Nos.
03-00093-CV-WLS-7
01-00014-CR-WLS

WILLIAM MCKEITHEN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 14, 2006)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

In November 2001, petitioner William McKeithen was convicted by a Middle District of Georgia jury for distributing more than five grams of a mixture and substance containing a detectable amount of cocaine base, i.e., "crack," in December 2000, in violation of 21 U.S.C. § 841(a)(1). In February 2002, the district court sentenced him to a prison term of 95 months. He appealed his conviction (but not his sentence), and we affirmed. United States v. McKeithan, No. 02-11212 (September 13, 2002) (unpublished).

On August 22, 2003, petitioner moved the district court to vacate his conviction on four grounds of ineffective assistance of counsel. One of the grounds was that counsel failed to challenge the constitutionality of convictions the court purportedly used to enhance his sentence under 21 U.S.C. § 851. The court referred the motion to a magistrate judge, who recommended that the motion be denied. The court followed the recommendation and denied relief. The court also denied petitioner's application for a certificate of appealability ("COA"). We thereafter issued a COA for this issue:

> Whether the district court erred by failing to address [petitioner's] claim that he received ineffective assistance of counsel based on counsel's failure to challenge the district court's alleged use of several invalid prior convictions to enhance his sentence in the instant case. See Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (holding that the district court must resolve all claims for relief raised in a habeas petition, regardless of whether

2

habeas relief is granted or denied).

The district court did err.  In disposing of petitioner's ineffective assistance claim, the court explicitly rejected three of the four grounds the claim raised but omitted any mention of the fourth ground, the one cited in the COA.  This was error; as noted in the COA, Clisby v. Jones requires the district court to dispose of all of a petitioner's claims. The error, however, is harmless.

The presentence report ("PSI"), which the district court relied upon in sentencing petitioner, indicated that petitioner was subject to a mandatory prison term of five years, with a maximum term of 40 years.  See 21 U.S.C. § 841(b)(1)(B)(iii).  According to the PSI, § 841(b)(1)(B)(iii) was not implicated in petitioner's case because petition had not previously been convicted of a felony drug offense.  The PSI recited that petitioner had been convicted of murder, a conviction that clearly was not constitutionally infirm,[1] and that conviction generated a criminal history category of II – the category the court used in fashioning petitioner's sentence.  That category coupled with a total offense level of 28 yielded a Guidelines sentence range of 87 to 108 months of imprisonment.

---

[1] In February 1990, petitioner was charged in the Dade County, Florida circuit court with murder in the second degree.  Represented by an attorney, he pled guilty to murder in the third degree, and on July 6, 1990, the court sentenced him to prison for a term of 17 years.  He was released from prison on June 1, 1998.  The record conclusively refutes petitioner's (albeit implicit) claim that this conviction was invalid because he was denied the representation of counsel.

3

In sum, petitioner's attorney could not have rendered ineffective assistance by not objecting to his prior convictions on the ground that they were obtained in violation of his right to counsel because none of those convictions – save the valid murder conviction – were used to enhance his sentence.

AFFIRMED.